IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS MICHAEL SIMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case Number CIV-06-683-C |
| | ) | |
| CAPTAIN IVINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This 42 U.S.C. § 1983 claim brought by a prisoner, proceeding pro se, was referred to United States Magistrate Judge Doyle W. Argo, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Argo entered a Report and Recommendation on October 24, 2006, to which Plaintiff has timely objected. The Court therefore considers the matter de novo.

The facts and relevant law are set out in full in the accurate and well-reasoned opinion of the Magistrate Judge. No point would be served in repeating that analysis. As the Magistrate Judge correctly notes, Plaintiff has filed a "mixed" Complaint, i.e., one containing exhausted and unexhausted issues. Normally, a "mixed" complaint should be dismissed for failure to exhaust. See Ross v. County of Bernalillo, 365 F.3d 1181, 1190 (10th Cir. 2004):

> The policies of the PLRA thus strongly support a reading of that statute that requires inmates to exhaust fully all of their claims before filing in federal court. If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice.

In his objection, Plaintiff complains that the R&R ignores the particulars of his case and if adopted would permit prison officials to routinely get away with violations of constitutional rights. Plaintiff argues that Congress could not have intended such a result when it passed the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). However, in passing the PLRA Congress clearly required prisoners to exhaust available administrative remedies prior to pursuing an action in Court. See 42 U.S.C. § 1997e(a). Judge Argo's R&R and Tenth Circuit law require nothing more nor less. Indeed, Judge Argo noted that because the prison officials interfered with Plaintiff's attempts to exhaust Counts I and II, those claims would be deemed exhausted. It is Counts III and IV that provide the roadblock preventing further pursuit of Plaintiff's claim in this Court. Plaintiff admits in his Objection that he did not properly pursue the available administrative remedies before filing Count III. See Dkt. No. 24, p. 9, (where Plaintiff states that he did not raise the strip search in his inmate letter). Thus, that count is unexhausted and its presence in the Complaint requires dismissal of the Complaint under the Tenth Circuit precedent noted by Judge Argo.

Plaintiff argues that Judge Argo's recommended dispensation of Count IV is erroneous as that count seeks redress for Defendants' alleged attempts to prevent him from pursuing administrative remedies regarding Counts I-III. However, the allegations in the Complaint are much broader. As Judge Argo noted, Plaintiff's Complaint seeks relief for additional actions allegedly taken by Defendants in violation of Plaintiff's right of access. Because Plaintiff has failed to follow the grievance process as to these claims and thereby

give prison officials the first crack at resolving the dispute, Count IV raises unexhausted claims and its presence in the Complaint requires dismissal of the Complaint.

Accordingly, the Court adopts in full Judge Argo's recommendation of dismissal of Plaintiff's Complaint as it contains both exhausted and unexhausted claims. To the extent possible under the appropriate policies, Plaintiff may pursue the grievance process and refile the claims once they are exhausted or he may refile the Complaint omitting the unexhausted claims.[1]

Temporary Restraining Order

Judge Argo also recommended denial of Plaintiff's request for a temporary restraining order, finding Plaintiff had failed to demonstrate a substantial likelihood of success on the merits and the existence of an irreparable injury. Judge Argo also noted that the deference courts must give to the day-to-day decisions necessary to run a prison also counsels against issuing a TRO. Plaintiff objects, arguing Judge Argo's R&R in effect gives prison authorities carte blanche authority to retaliate whenever a prisoner sues them. Plaintiff misstates the scope of the R&R. Judge Argo's reasoning was premised on Plaintiff's failure to establish a substantial likelihood of success on the merits. In no way did Judge Argo find that Plaintiff could not or would not prevail. Rather, at this stage, Plaintiff has not demonstrated such a probability of success that he is entitled to drastic and immediate relief. That does not mean that Plaintiff's claims are extinguished and cannot be pursued. Indeed,

[1] Any such filing is subject to the applicable statute of limitations.

to the extent Plaintiff has properly exhausted the required administrative remedies he may seek judicial relief for the alleged misconduct by Defendants.

Default

Judge Argo also recommended denial of Plaintiff's request for default judgment against Defendant Blair. Judge Argo noted that Defendant Blair was represented by the same counsel as the other Defendants and that his omission from the Motion to Dismiss was likely an oversight.[2] Judge Argo noted that the procedural basis on which the Motion to Dismiss was premised made it likely the failure to include Mr. Blair was simply a scrivener's error. Plaintiff objects, arguing the obligation to enter a default is incumbent on the Court Clerk under Fed. R. Civ. P. 55. Plaintiff also asserts that since his claim against the Defendant was for a sum certain, the Clerk was required to enter a default judgment upon his request. Even if the Court were to accept Plaintiff's arguments, the undersigned would find no error in the decision made by Judge Argo. Fed. R. Civ. P. 55(c) states: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Plaintiff's pursuit of a "mixed" claim and the subsequent requirement to dismiss such a claim would provide "good cause" to set aside any default that had been entered.

[2] See Dkt. No. 15 waiver of service signed by Darrell L. Moore as attorney for Mr. Blair.

As set forth more fully herein, the Court adopts in full the Report and Recommendation of the Magistrate Judge. Plaintiff's Complaint is DISMISSED without prejudice to refiling as set forth above.

IT IS SO ORDERED this 5th day of December, 2006.

ROBIN J. CAUTHRON
United States District Judge